MEMO. BY DAVIS, J.—I concur in the opinion that the second count in the indictment was good. And when either count is good, judgment will not be arrested.

I think the third count was also good. But that is immaterial; for if the evidence did not sustain the second count, a motion to set aside the verdict for that cause should have been made to the Judge who tried the case, at *Nisi Prius*, and not to the full Court. *State* v. *Hill, post.*

---◆---

## STATE *versus* DAVID HILL.

At common law, the Judge who presided at the trial of a case, had the power, both in civil and criminal cases, to set aside a verdict, when, in his opinion, it was against the evidence.

This rule has been changed by our statute in *civil* cases, in which a motion to set aside a verdict because it was against the evidence must be heard by the full Court.

But, in *criminal* cases, the rule has not been changed, and the Court, sitting as a Court of law, has no jurisdiction of such motions, but they must be presented to, and decided by the Judge presiding at *Nisi Prius*.

ON MOTION to set aside the verdict rendered against the respondent on an indictment for maliciously killing a horse.

*Anderson & Webb,* argued the motion in behalf of the respondent.

*Drummond, Attorney General,* for the State, raised the question of the jurisdiction of the Court to decide this motion.

The opinion of the Court was drawn up by

DAVIS, J.—This was an indictment charging the defendant with the crime of maliciously poisoning a horse belonging to one John Hamilton. After trial and a verdict of guilty, and before judgment, he filed a motion for a new trial, on the ground that the verdict was against the evidence. A full report of the evidence was thereupon made and signed by the presiding Judge; and the case was entered at the next succeeding law term for the Western District, and ar-

gued before the whole Court. It is contended by the Attorney General, that this motion should have been heard at *Nisi Prius,* in the Court for criminal business in Cumberland county; and that the whole Court, sitting to determine questions of law for the Western District, have no cognizance of a motion for a new trial in a *criminal* case on the ground that the verdict is against the evidence.

At common law, the presiding Judge holding the Court for the trial of causes, had power, if a verdict, in his judgment, was against the evidence, to set it aside and grant a new trial. And, if there was ever any doubt that this could be done as well in *criminal* as in *civil* cases, when the verdict was *against* the accused, that question was settled in the case of *Commonwealth* v. *Green,* 17 Mass., 515. This power was conferred by statute upon the Judges of the District Court, as it had been before upon the Court of Common Pleas. R. S., 1841, c. 97, sections 23 to 25. Until 1841, in either Court, it was exercised by the Judge presiding at *Nisi Prius.*

But, by the Revised Statutes of that year it was for the first time provided, that when a motion is made in the Supreme Judicial Court to set aside a verdict as against the evidence, such motion should be presented " to the whole Court" upon a report of the evidence signed by the presiding Judge. R. S., 1841, c. 115, § 101, as amended the same year. This provision, however, applied to *civil* actions only. This is evident from the fact that the provision is in the chapter relating to the " proceedings of the Court in civil actions," and that in the chapter relating to the " proceedings of Court in criminal cases" no such provision is found. R. S., 1841, c. 172. In criminal cases, questions of law, whether raised by exceptions, or upon a report, must have been brought before the whole Court. Same chapter, §§ 40 and 41. But, in such cases, a motion to set aside a verdict, as against the evidence, could still be heard by the presiding Judge at *Nisi Prius.* It might, indeed, have been heard by the whole Court, as then constituted, the law terms then being held in the several counties, at which the Court, in addition to its cogniz-

State *v.* Hill.

ance of questions of law and equity, had the same original jurisdiction as at the terms for jury trials. But it was not *necessary* to present such motions to the whole Court, the power of the presiding Judge at the terms for jury trials to set aside a verdict in a *criminal* case not having been annulled by the statute of 1841, but having been left as it was before.

So the law remained, until 1852, when the District Court was abolished, and the Supreme Judicial Court was re-organized. Law terms were no longer to be held in the several counties; but the State was divided into three districts, in each of which the whole Court were required to hold one term every year, to hear and determine questions of law and equity. At these terms the Court have no original jurisdiction. No cases or questions can be heard, except such as are brought from the Courts in the several counties under express provisions of statute therefor. *Baker* v. *Johnson* 41 Maine, 15.

By the statute of 1852, c. 216, § 8, among the cases that may be brought before the whole Court, are "motions for a new trial upon evidence as reported by the presiding Justice," and "all cases, civil or criminal, where a question of law is raised." These cases are those that were provided for by R. S., 1841, c. 115, § 101, and c. 172, §§ 40 and 41. The motions for a new trial upon evidence so reported, were such as could be made in civil actions only, there being no statute provision for such a motion before the whole Court in a criminal case. So it was understood by the Legislature; for, on revising the statutes, this provision was incorporated, as in 1841, into the chapter relating to the "proceedings of the Court in civil actions." R. S., 1857, c. 82, § 33.

Motions to set aside verdicts as against the evidence, have very rarely been made in this State, in criminal cases; and the statutes make no provision for bringing such a motion before the whole Court. It follows, that in criminal cases such a motion must be presented, as formerly in civil actions also, to the Court held for jury trials. The object of the

statute of 1841, c. 115, § 101, seems to have been, to make a verdict final, in a *civil* action, unless set aside by the whole Court. But in criminal cases, in favor of the accused, the power of the presiding Judge at *Nisi Prius* to set aside a verdict against him, if against the evidence, is left unimpaired. Though a verdict *in his favor* is final, and neither the presiding Justice nor the whole Court can set it aside, a verdict *against him*, upon his request, if against the evidence, may be set aside, without requiring him to present his motion to the whole Court. The whole Court, at the law term, as now constituted, have no jurisdiction of the motion presented in the case at bar; and it must therefore be dismissed, to be heard in the county where it was originally presented.

*Motion dismissed.*

TENNEY, C. J., APPLETON, CUTTING, GOODENOW and KENT, JJ., concurred.